UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ERLEN DE OLIVEIRA ALVES                                                    PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:26-CV-157-DCB-RPM

RAFAEL VERGARA et al                                                      RESPONDENTS

### ORDER GRANTING MOTION TO APPEAR PRO HAC VICE AND ADMONISHMENT REGARDING COMPLIANCE WITH LOCAL RULES

Before the Court is the [2] Motion to Appear Pro Hac Vice filed by Petitioner for attorney Nathalia Rocha Dickson.  The Local Rules provide that a PHV "application ordinarily should be granted unless the court finds reasons to believe that: the applicant had, before application, filed or appeared in the federal court without having secured approval under these rules."  L.U. Civ. R. 83.1(d)(7)(E).  The name, signature, and office address of the applicant for admission appear on the signature page of the Petition for Writ of Habeas Corpus.[1]  [1] at 17.  The name, signature, and office address of the applicant also appear on the petition's Certificate of Service.  *Id.* at 18.

"The ability to appear *pro hac vice* is a privilege, not a right[.]"  *Reech v. Sullivan*, No. 3:18-CV-35-HSO-LRA, 2018 WL 1698303, *3 (S.D. Miss. Apr. 5, 2018) (quoting *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-CV-307-Orl-40GJK, 2016 WL 6125585, at *2 (M.D. Fla. Oct. 20, 2016)).  "Courts enjoy broad discretion to determine who may practice before them and to regulate the conduct of those who do."  *United States v. Nolen*, 472 F.3d 362, 371 (5th Cir. 2006).

"The Court recognizes that as a practical matter, attorneys often file the complaint with his or her name listed and noting that a motion to be admitted will be filed."  *Reech*, 2018 WL 1698303,

---

[1] The petition also includes the name and signature of attorney Assma A. Ali, a Mississippi-licensed attorney admitted to practice before this Court.  [1] at 17-18.

*3. However, "[t]he Mississippi Supreme Court has clearly stated that a counsel's name and office address appearing on a pleading constitutes an appearance under Mississippi law." *Isom v. Valley Forge Ins. Co.*, No. 2:16-CV-109-KS-MTP, 2016 WL 4183315, *2 (S.D. Miss. Aug. 5, 2016), *aff'd*, 716 F. App'x 280, 288 (5th Cir. 2017). Indeed, "a foreign attorney will be deemed to have made an appearance in a Mississippi lawsuit if the foreign attorney signs the pleadings or allows his or her name to be listed on the pleadings." *In re Williamson*, 838 So.2d 226, 235 (Miss. 2002); *see also* M.R.A.P. 46(b)(1)(ii) ("'Appearance' shall include the appending or allowing the appending of the foreign attorney's name on any pleading or other paper filed or served[.]"). By allowing his name to be included on the petition, the applicant made "an unauthorized appearance under Mississippi law." *Clayton v. City of Oxford, Miss.*, No. 3:21-CV-174-GHD-JMV, 2021 WL 4699182, *2 (N.D. Miss. Oct. 7, 2021). The applicant also included his signature on the petition. *Reech*, 2018 WL 1698303, *3 (denying admission where the applicant included his name *and* signature on more than one pleading).

This Court previously entered an order in separate case admonishing local counsel for this issue. *Garcia-Gonzalez v. Vergara*, Order [4], Civil Action No. 5:26-CV-48-DCB-RPM (S.D. Miss. Feb. 19, 2026). As such, the Court entered an Order to Show Cause requiring local counsel to file a response showing good cause, if any, why petitions, including this one, continue to be filed in contravention to the Court's previous admonishment. [3]. Local counsel has filed a response. [4]. And in light of this response, the Court is satisfied that local counsel has made efforts to ensure this issue will not happen again. Particularly, local counsel represents she has established an internal protocol which was communicated to all attorneys and staff in her office. [4-2]. Therefore, the Order to Show Cause is resolved.

As before in other cases, the Court exercises its discretion here and grants the motion under

the circumstances, which are most analogous to those in *Secherest v. City of Lexington*, 3:24-CV-34-TSL-MTP, 2024 WL 1639726, at *3 (S.D. Miss. Apr. 16, 2024).  While the applicant made an unauthorized appearance when she included her name, signature, and office address on the petition prior to being admitted, there are no other filings in this matter with her name, signature, and/or office address other than the instant motion.  Furthermore, the instant motion was filed the same day as the petition; thus, the motion was promptly filed.  As such, the Court finds that the applicant's hasty appearance, in isolation, does not warrant denial of admission.

Local counsel is cautioned again that pleadings and filings containing the names of counsel who have not yet been admitted pro hac vice should not be signed by local counsel under L.U. Civ. R. 83.1.  Local counsel, as well as the PHV attorney, are directed to review the Local Rules for PHV admissions and their respective duties as counsel of record.  Local counsel is reminded of the obligations under L.U. Civ. R. 83.1(d)(3) to "personally appear and participate in all trials, in all pretrial conferences, case management conferences and settlement conferences, hearings and other proceedings conducted in open court, and all depositions or other proceedings in which testimony is given."

IT IS THEREFORE ORDERED that the [2] Motion to Appear Pro Hac Vice is hereby GRANTED, and that Nathalia Rocha Dickson shall be admitted to serve as co-counsel for Petitioner.  Admission is conditioned upon completion of the registration procedures found on the Court's website and at the following link: https://www.mssd.uscourts.gov/attorney-admissions-page.

SO ORDERED AND ADJUDGED, this the 31st day of March 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE